UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL SITACA, *ET AL*.<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., *ET AL*.<br><br>Defendants. | Case No.: SACV 22-00354-CJC(JDEx)<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND [Dkt. 11] |

Plaintiffs, former Amazon employees, filed this employment action in state court on January 27, 2022. (Dkt. 1-1.) Plaintiffs served Defendants the complaint on February 2, 2022. (Dkt. 1.) Thirty days later, Defendants filed a notice of removal in this Court on March 4, 2022. (Dkt. 1.) The notice of removal was timely filed in this Court, as 28 U.S.C. section 1446(b)(1) requires that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." 28 U.S.C. § 1446(b)(1).

Plaintiffs have filed the present motion to remand on the ground that Defendants did not timely notify the state court of removal when they notified the state court five days after the notice of removal was filed in this Court, or on March 9, 2022. (Dkt. 11; Dkt. 11-1.) Plaintiffs first argue that Defendants' notice to the state court was untimely because it was not done within 30 days of service of the complaint. Plaintiffs' argument finds no support in the text of 28 U.S.C. section 1446. Section 1446(b)(1) requires a removing party to file a notice of removal in *federal* court within 30 days of service of the complaint. Section 1446(d) in turn creates a separate obligation to "promptly" notify the state court of removal after filing a notice of removal in federal court. Nothing in the statute suggests that the state court notification requirement is subject to the same 30-day deadline as the federal court notice of removal requirement. *Brewer v. Wells Fargo Bank, N.A.*, 2013 WL 12110503, at *4 n. 7 (C.D. Cal. July 16, 2013) ("Plaintiffs appear to confuse the requirements of removal pursuant to 28 U.S.C. § 1446(b) with the requirement that removing defendants notify the state court promptly under section 1446(d). Under 1446(d), Defendants are only required to 'promptly. . . give written notice' to the state court regarding the removal of the case to the federal court."). From the fact that Congress inserted a 30-day deadline in subsection (b)(1), the Court concludes that Congress would have inserted a 30-day deadline in subsection (d) if it intended the 30-day deadline to apply.

Plaintiffs also argue that even if the state court notice requirement is not subject to the 30-day deadline, a five-day delay between filing a notice of removal in federal court and notifying the state court of removal is not prompt as that term is used in section 1446(d). "Promptly" is not defined in section 1446(d), but surely notifying the state court on March 9, a Wednesday, after filing a notice of removal in federal court on March 4, a Friday, is prompt. The Court does not disagree with Plaintiffs that section 1446(d) should have some teeth—the prospect of remand—when the state court is not promptly notified of removal, so that the state court is not unknowingly led into adjudicating a case

over which it has no jurisdiction.  But a delay of three court-days does not create such risk.  The Court does not purport to define how long is too long under section 1446(d), but the Court is confident that the delay here was negligible and that remand would be draconian.  *See Branson v. City of Los Angeles*, 2011 WL 13220154 (C.D. Cal. Apr. 21, 2011); *Ligutom v. SunTrust Mortg.*, 2011 WL 445655 (N.D. Cal. Feb. 4, 2011); *Koerner v. Aetna U.S. Healthcare*, Inc., 92 F. App'x 394, 396 (9th Cir. 2003).

The Court further finds that Plaintiffs were not prejudiced by Defendants' delay when they were "forced to file" a case management statement in state court on March 24, 2022, 15 days after the state court was notified of removal.  Plaintiffs seem to have voluntarily and unnecessarily waded into that task, possibly to build up their argument in favor of remand.  Plaintiffs' motion is **DENIED**.  After reviewing the parties' briefing, the Court also finds the motion appropriate for disposition without a hearing, and so the hearing set for July 25, 2022 is hereby vacated and taken off calendar.

DATED:    July 19, 2022

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE